UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BERNARD J. PETTIS, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 1:14-cv-01696-JMS-MJD |
| | ) | |
| R.R. DONNELLY & SONS, | ) | |
| *Defendant.* | ) | |

## **ORDER**

On January 30, 2015, the Court ordered Plaintiff Bernard J. Pettis to show cause as to what claim could proceed against his former employer, Defendant R.R. Donnelly & Sons, in this action. [*See* Filing No. 14 at 1.] Specifically, the Court required Mr. Pettis to explain "1) what new claim has been alleged against [his] former employer which was not resolved in Case No. 1:06-cv-1365-SEB-TAB; and 2) how could such claim be timely given the fact that suit must be filed within 90 days of receipt of the right to sue letter [from the Equal Employment Opportunity Commission ("EEOC")]." [Filing No. 14 at 1.]

Mr. Pettis filed several documents on the deadline to respond to the Court's Show Cause Order. [*See* Filing No. 16; Filing No. 17; Filing No. 18; Filing No. 19; Filing No. 20.] None of Mr. Pettis' filings substantively respond to the two issues the Court ordered him to address. In the filing Mr. Pettis titled "Plaintiff Showing Cause," Mr. Pettis merely references documents in another case he filed against R.R. Donnelly & Sons on the same day that he filed this case. [Filing No. 19 at 1 (citing No. 1:14-cv-01707-WTL-DML).]

"District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff

1

has paid all fees for filing and service." *Hoskins v. Poelstra*, 320 F.3d 761, 762 (7th Cir. 2003). Mr. Pettis' suit is transparently defective for the two reasons outlined in the Court's Show Cause Order, and he failed to address either of these defects in response to that Order. As explained below, for either of these reasons, Mr. Pettis' action must be dismissed.

First, Mr. Pettis is simply attempting to re-litigate claims that were resolved against him in *Pettis v. R.R. Donnelly & Sons*, No. 1:06-cv-1365-SEB-TAB. This is made clear by the fact that Mr. Pettis attached to his Complaint in this case the complaint he filed in *Pettis v. R.R. Donnelly & Sons*, No 1:06-cv-1365-SEB-TAB and the Charge of Discrimination he filed with the EEOC on March 6, 2006. His allegations in this case overlap those in both his earlier case and the Charge of Discrimination filed in 2006. [*Compare* Filing No. 1 at 2, *with* Filing No. 1-1 at 1, Filing No. 1-1 at 8.] These claims are therefore barred by res judicata. *See Johnson v. Cypress Hill*, 641 F.3d 867, 874 (7th Cir. 2011) ("Res judicata prohibits parties from re-litigating issues that were or could have been raised in a previous action in which there was final judgment on the merits.") (citation and quotations marks omitted).

Second, any Title VII claim must be brought within ninety days of a right to sue letter. *See Averhart v. Sheriff of Cook Cnty., Ill.*, 752 F.3d 1104, 1106 (7th Cir. 2014). Mr. Pettis has not responded to the Court's Show Cause Order explaining how this action was brought within that time period, which the Court ordered him to do because his Charge of Discrimination was filed in 2006 and the litigation stemming from that Charge of Discrimination, *see Pettis v. R.R. Donnelly & Sons*, No 1:06-cv-1365-SEB-TAB, concluded in 2009. His action must be dismissed for this reason as well.

In sum, because Mr. Pettis has failed to adequately respond to the Court's Show Cause Order, and for the reasons set forth above, this action must be dismissed for failure to state a claim

on which relief may be granted. The Court notes that Mr. Pettis' other case against R.R. Donnelly & Sons that was filed on the same day as this action was similarly dismissed. *See Pettis v. R.R. Donnelly & Sons*, No. 1:14-cv-01707-WTL-DML, Dkt. 10.

Given the dismissal of this action, all pending motions are **denied** as moot. [[Filing No. 17](); [Filing No. 22](); [Filing No. 23](); [Filing No. 24](); [Filing No. 28](); [Filing No. 29](); [Filing No. 30](); [Filing No. 31]().] For this same reason, and because the summons were inappropriately directed to non-parties, the summons filed by Mr. Pettis are **quashed**. [[Filing No. 32]().]

Final Judgment Shall issue accordingly.

**IT IS SO ORDERED**.

March 30, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Bernard J. Pettis
608 Cherry Street
Crawfordsville, IN 47933

Electronically to all counsel of record